# UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

PAULA OROZCO MONTOYA,

Plaintiff,

v.

FRANK BISIGNANO,
Commissioner of Social Security,[1]

Defendant.

_______________________________________/

Case No. 1:26-cv-05317-SKO

**ORDER REQUIRING THE COMMISSIONER TO SHOW CAUSE WHY SANCTIONS SHOULD NOT ISSUE FOR FAILING TO COMPLY WITH THE COURT'S ORDER OR ALTERNATIVELY TO SERVE THE ADMINISTRATIVE RECORD ON PLAINTIFF**

On July 10, 2026, Plaintiff, proceeding pro se and *in forma pauperis*, filed the present action in this Court. (Docs. 1, 3.) Plaintiff seeks review of the Commissioner of Social Security's (the "Commissioner") denial of her application for benefits. (*See* Doc. 1.)

On September 3, 2026, the Commissioner timely filed the Social Security Administrative Record on the Court's docket. (Doc. 10.) There is no indication, however, that the Commissioner conventionally served the Administrative Record in accordance with Local Rule 135 on Plaintiff. *See* E.D. Cal. L.R. 135(b), (c).

On October 9, 2026, the Court ordered the Commissioner to "file a proof of service

[1] On May 6, 2025, Frank Bisignano was appointed the Commissioner of the Social Security Administration. *See* https://www.ssa.gov/news/press/releases/2025/#2025-05-07. He is therefore substituted as the defendant in this action. *See* 42 U.S.C. § 405(g) (referring to the "Commissioner's Answer"); 20 C.F.R. § 422.210(d) ("the person holding the Office of the Commissioner shall, in his official capacity, be the proper defendant").

indicating service of the Administrative Record on Plaintiff in accordance with the appropriate Federal Rules of Civil Procedure" "by no later **October 23, 2026**." (Doc. 11 (citing E.D. Cal. L.R. 135(b), (c)) (emphasis in original).) On October 23, 2026, the Commissioner failed to file a proof of service, and to date, no proof of service has been filed. (*See* Docket.)

Local Rule 110 provides that "[f]ailure of counsel or of a party to comply with these Rules or with any order of the Court may be grounds for imposition by the Court of any and all sanctions . . . within the inherent power of the Court." The Court has the inherent power to control its docket and may, in the exercise of that power, impose sanctions where appropriate. *Bautista v. Los Angeles Cty.*, 216 F.3d 837, 841 (9th Cir. 2000).

The Commissioner is, therefore, ordered to show cause why sanctions should not issue for the failure to file a proof of service of the Administrative Record on Plaintiff in compliance with the Court's order. Alternatively, the Commissioner may file their proof of service by October 30, 2026.

Accordingly, it is HEREBY ORDERED that:

1. By no later than **October 30, 2026,** the Commissioner shall **<u>either</u>**:

   a. file a written response to this order showing cause why sanctions should not issue for the failure to comply with the Court's order; or

   b. file a proof of service of the Administrative Record on Plaintiff in accordance with the appropriate Federal Rules of Civil Procedure.[2] *See* E.D. Cal. L.R. 135(b), (c).

**Failure to comply with this order may be grounds for the imposition of sanctions on any and all counsel as well as any party or parties who cause such non-compliance.**

IT IS SO ORDERED.

Dated: **October 27, 2026** /s/ *Sheila K. Oberto*
UNITED STATES MAGISTRATE JUDGE

---

[2] The Court observes that Plaintiff has filed a motion to extend the time to file her opening brief due to the Commissioner's failure to serve the Administrative Record. (Doc. 12.) Plaintiff is advised that, per the Scheduling Order, her deadline to file her opening brief does not expire until "30 days after service of the administrative record." (Doc. 4 at 2.) Because it appears Plaintiff has not been served with the Administrative Record, the period in which to file her opening brief has not yet begun.